947 F.2d 944
 141 L.R.R.M. (BNA) 2984
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GIBSON GREETINGS, INC., Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF FIREMEN & OILERS LOCAL # 77;
International Brotherhood of Firemen, Oilers, Helpers,
Roundhouse & Railway Shop Laborers; Ed Hartman; Carolyn
Moberly; Daryl Johnson; National Labor Relations Board,
Defendants-Appellees.
 Nos. 90-6048, 90-6435.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Gibson Greetings, Inc. appeals the district court's grant of summary judgment for defendant International Brotherhood of Firemen & Oilers. In addition, the National Labor Relations Board appeals the district court's denial of its motion to intervene in this matter.
 
 The case presents two issues:
 
 2
 1. Whether the district court correctly granted summary judgment for the union on the ground that there was no genuine issue of fact regarding whether the parties' collective bargaining agreement had not been extended by operation of the duration clause; and
 
 
 3
 2. Whether the district court erred in denying the NLRB's motion to intervene under either Rule 24(a) or 24(b) of the Federal Rules of Civil Procedure?
 
 
 4
 Gibson and the Union entered into a collective bargaining agreement in May of 1986. The contract was set to expire at midnight on April 30, 1989, but by its provisions would automatically renew itself from year to year, unless either party gave notice of its intent to terminate sixty days prior to this expiration date. It was undisputed that the Union notified Gibson of its intent to terminate the agreement within the specified notification period and announced its intention to strike if an agreement was not reached by the expiration date.
 
 
 5
 Negotiations commenced on March 1, 1989 and continued throughout April until a proposed successor agreement was presented to the union membership on April 29, 1989. The membership rejected this proposal and called for a strike. On April 30, the union offered to extend the agreement for thirty days in order to continue negotiations, but Gibson rejected this request. A strike began on May 1, 1989.
 
 
 6
 On May 15, 1989, a Federal Mediator convened the first post-strike bargaining session. Gibson first asserted its belief that the strike was illegal at this session. Gibson based its claim of illegality on the theory that the contract had been extended beyond its expiration date by the terms of the duration clause. That clause provided in part:
 
 
 7
 In the event that negotiations shall continue beyond the expiration of the term of Agreement, this agreement shall continue in full force and effect, provided, however, that either party may then terminate this Agreement upon ten (10) written notice to the other party.
 
 
 8
 According to Gibson, negotiations had continued beyond the expiration date, and the contract was therefore still in effect. The Union's strike was therefore illegal because it violated the contract's "no-strike" clause.
 
 
 9
 Additional bargaining sessions were held, but the parties were unable to reach agreement. Gibson eventually filed a claim against the union under § 301 of the LMRA, 29 U.S.C. § 185, alleging the illegality of the strike. Both parties moved for summary judgment.
 
 
 10
 The court denied Gibson's motion and granted the Union's motion. The court's decision turned on the question of whether negotiations had continued after the expiration date of the contract. After reviewing the evidence, the court concluded that the evidence on this question was so one-sided that a reasonable jury could find only that negotiations had not continued. The contract had therefore expired on the expiration date and the Union's strike was legal. As a result, the Union was entitled to summary judgment as a matter of law.
 
 
 11
 After carefully considering the record on appeal and the briefs and oral arguments of the parties, we conclude that the district court did not err in granting summary judgment for the Union. We therefore affirm the judgment of the district court for the reasons articulated by Judge Forester in his memorandum opinion of September 28, 1990.
 
 
 12
 In addition, because we affirm the district court's grant of summary judgment for the Union, the NLRB's appeal of the denial of its motion to intervene is moot and we need not consider it.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation